UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

In re SUEANN M. SMITH,

                                        Debtor.

----------------------------------------------------------------

ROBERT GINSBERG and
GINSBERG & BROOME, P.C.,

                                        Appellants,

-against-

ROBERT L. GELTZER,
*Chapter 7 Trustee*

                                        Appellee.

----------------------------------------------------------------
----------------------------------------------------------------

JEFFREY H. SCHWARTZ,

                                        Appellant,

-against-

ROBERT L. GELTZER,
*Chapter 7 Trustee*

                                        Appellee.

---------------------------------------------------------------- X

Chapter 7
Bankruptcy Case
No. 04-16320-608

06 CV 2995 (ARR)
06 CV 2996 (ARR)

<u>NOT FOR ELECTRONIC
OR PRINT
PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

      The bankruptcy case from which these appeals are taken commenced on April 29, 2004, with the voluntary filing by Sueann M. Smith ("Debtor") of a Chapter 7 petition in the U.S. Bankruptcy Court for the Eastern District of New York (Honorable Carla E. Craig). (U.S. Bankruptcy Court, E.D.N.Y. Docket for <u>In re Sueann M. Smith</u>, No. 04-16320 (CEC) (hereinafter, "Bankr. Docket"), #1.) For the reasons set forth below, these appeals are remanded to the Bankrupcty Court.

1

## BACKGROUND

On October 26, 2004, Robert L. Geltzer, the Chapter 7 Trustee of the Debtor, filed an "Application to Retain Special Personal Injury Counsel to Trustee," asking the Bankruptcy Court for an order authorizing him to employ and retain Jeffrey H. Schwartz, Esq., as Special Personal Injury Counsel; this application was granted on October 26, 2004. (Bankr. Docket at #11-12.) Mr. Schwartz was retained to handle a personal injury action to recover damages for injuries Debtor sustained while sledding on snow. (Id. at #11, ¶ 12.)

On January 17, 2006, after issuing a written decision subsequent to a hearing on the Trustee's motion, Judge Craig signed an order ("Turnover Order") removing Mr. Schwartz as Special Personal Injury Counsel to the Trustee and directing Mr. Schwartz and Robert M. Ginsberg to turn over to the Trustee "within ten (10) days of the date of this Order" all files related to the Debtor's personal injury action. (Bankr. Docket at #19.) The Turnover Order was entered on January 18, 2006. (Bankr. Docket at #19.) (This court subsequently affirmed Judge Craig's Turnover Order. (See Schwartz v. Geltzer, No. 06 Civ. 1149, Opinion and Order (E.D.N.Y. Aug. 24, 2006).))

By motion dated February 27, 2006, and entered on March 1, 2006, the Trustee moved for an order holding Messrs. Schwartz and Ginsberg in "civil contempt for failure to comply" with the Turnover Order and "imposing sanctions and costs." (Bankr. Docket at #32.) On March 1, 2006, the Bankruptcy Court signed an order to show cause asking Messrs. Schwartz and Ginsberg why it should not issue an order holding them "in civil contempt for their knowing and willful failure to comply with the Turnover Order," "imposing civil coercive monetary sanctions against the Contemnors until they purge themselves of their contempt," "using any other methods

2

necessary to compel the Contemnors' compliance with the Turnover Order," directing them to pay to Geltzer "the costs and expenses incurred by the estate in connection with securing Jeffrey H. Schwartz's compliance with his retention order, dated October 26, 2004, and the Contemnors' compliance with the Turnover Order, including, without limitation, attorneys' fees, all of which amount to at least $25,000.00," and granting any other just and proper relief. (Bankr. Docket at #33.) The Order to Show Cause required Messrs. Schwartz's and Ginsberg's answers to be filed by March 7, 2006, and set a hearing date of March 8, 2006. (Bankr. Docket at #33.)

On March 8, 2006, the Bankruptcy Court held a hearing on the Trustee's motion for contempt. (Hr'g Tr., Bankr. Docket at #49.) Messrs. Schwartz and Ginsberg were not present at the hearing. Instead, Adam Goldberg, of counsel to Ginsberg & Broome, stated that he was "here on behalf of the respondents to the motion for contempt," although Mr. Goldberg also stated that he could not explain why Mr. Schwartz was not present and that he had "not been contacted by Mr. Schwartz." (Hr'g Tr. at 3, Bankr. Docket at #49.) Mr. Goldberg informed the Bankruptcy Court that Mr. Ginsberg was absent because he had been admitted to the hospital the previous night for an emergency appendectomy. (Hr'g Tr. at 3, Bankr. Docket at #49.)

Judge Craig denied Mr. Goldberg's request for an adjournment and granted the Trustee's motion for a contempt order, modifying the Trustee's proposed order by, among other things, making some fines payable immediately by deleting the provision that fines are payable "[s]hould Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. fail to comply with their obligations as set forth in . . . this Order within three (3) days of its entry." (Bankr. Docket at #40.)

The Bankruptcy Court's March 8, 2006, Order ("Contempt Order"), found that Messrs.

3

Schwartz and Ginsberg "willfully failed to comply with the requirements of the Turnover Order," and ordered that Schwartz and Ginsberg were "in civil contempt," ordered them to comply with the Turnover Order, and ordered each of them "to pay to the Trustee, on behalf of the estate," $100.00 "a day for every business day since the date on which this Court entered the Turnover Order," i.e., January 18, 2006. (Bankr. Docket at #40.) The Contempt Order further directed them to pay $200.00 "for the first ten (10) business days for any failure to comply with this Order." (Bankr. Docket at #40.) The amount due for failure to comply with the Contempt Order was subject to escalation based on continued non-compliance. The Contempt Order further directed the Trustee to "settle an Order directing Schwartz and Ginsberg to pay the fees incurred in obtaining compliance with the Turnover Order, with appropriate time records." (Bankr. Docket at #40.)

Ginsberg's law firm, Ginsberg & Broome, P.C., delivered the file to the Trustee on March 8, 2006, and on the following day delivered to the Trustee two checks for $5,100.00 each. (Appellants Br. 37; Appellee Br. 15 n.7.)

On March 9, 2006, Mr. Geltzer, the Trustee, submitted time sheets and a proposed order directing Ginsberg and/or Schwartz to reimburse Geltzer's law firm for "fees and expenses in connection with obtaining compliance with the Turnover Order," in the sum of $27,544.50 as attorneys' fees and $671.87 as expenses. (Bankr. Docket at #42.)

On March 23, 2006, Mr. Ginsberg's partner, Alvin H. Broome filed on behalf of Messrs. Ginsberg and Schwartz an objection to Mr. Geltzer's proposed order of payments. (Bankr. Docket at #47.) The objection argued that Mr. Geltzer included $7,618.50 in attorneys' fees for "time spent on other matters" than seeking compliance with the Turnover Order, $701.50 for

4

time spent on the appeal of the Turnover Order, $973.50 for time spent on several matters, and $671.87 for recovery of disbursements not provided for in the Contempt Order. (Bankr. Docket at #47.) The objection further argued that the time sheets "contain obvious duplications of efforts" and that the fees for preparing the contempt motion are excessive in light of the lack of novel legal issues and the lack of "any factual dispute regarding Respondents' failure to turn over the personal injury file." (Bankr. Docket at #47.)

On April 12, 2006, the Bankruptcy Court signed an order ("Attorney's Fees Order") finding that Mr. Geltzer's fees for services rendered in seeking "compliance with the Turnover Order, including services performed in connecti[on] with the Contempt Order, are $18,921.50," and ordering Messrs. Schwartz and Ginsberg to pay $18,921.50. (Bankr. Docket at #55.) The Attorney's Fees Order also amended the Contempt Order to order Messrs. Schwartz and Ginsberg to reimburse Mr. Geltzer for expenses incurred in seeking compliance with the Turnover Order in the amount of $522.58. (Bankr. Docket at #55.) Ginsberg & Broome, P.C., paid to Mr. Geltzer the totals due under the Attorney's Fees Order. (Ginsberg letter 4/24/06, Record on Appeal Designated Item #49; Appellee Br. 15.)

## DISCUSSION

Mr. Schwartz, Mr. Ginsberg, and Ginsberg & Broome, P.C., have appealed from the Bankruptcy Court's Contempt Order and Attorney's Fees Order. They argue *inter alia* that, although the Contempt Order purported to be civil in nature it is actually a criminal contempt order because it imposed retrospective penalties without any opportunity to purge the contempt. (Appellants Br. 47-50; Appellants Reply Br. 6.)

Because it is not clear from the record whether the Contempt Order and the Attorney's

Fees Order are based on a finding of criminal or civil contempt, the court determines that the appropriate course is to remand these appeals to the Bankruptcy Court for clarification of the nature of the contempt and to permit the Bankruptcy Court to take any other appropriate measures necessary for the resolution of these disputes.

## CONCLUSION

For these reasons, this court remands the appeals of the Contempt Order and the Attorney's Fees Order to the Bankruptcy Court.

SO ORDERED.

                                            Allyne R. Ross
                                            United States District Judge

Dated: October 18, 2006
       Brooklyn, New York

**SERVICE LIST:**

**Appellants' Attorney**
Myron Beldock
Beldock Levine & Hoffman LLP
99 Park Avenue, Suite 1600
New York, NY 10016

**Appellee's Attorney**
Robert A. Wolf
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104


cc:    Honorable Carla E. Craig, U.S. Bankruptcy Court E.D.N.Y.